```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   EASTERN DIVISION
```

PATRICK PICARDY, SR.                                         PLAINTIFF

VERSUS                              CIVIL ACTION NO.  4:07cv56-TSL-LRA

UNKNOWN DEFENDANTS                                          DEFENDANTS

<u>OPINION AND ORDER</u>

This cause comes before this court, <u>sua</u> <u>sponte</u>.  On May 21, 2007, an order [4] was entered directing the plaintiff to file a written response on or before June 12, 2007.  The plaintiff was warned that failure to timely comply with the requirements of the order or failure to keep this court informed of his current address may lead to the dismissal of his complaint.  Plaintiff failed to comply with the order.

 Out of an abundance of caution, an order to show cause [6] was entered on June 28, 2007, directing the plaintiff to respond on or before July 13, 2007, and explain why this case should not be dismissed for failure to comply with this court's order [4] filed May 21, 2007.  In addition, the plaintiff was directed to comply with the order [4] of May 21, 2007, by filing a written response.  Once again, the plaintiff failed to respond to an order of this court.

The plaintiff has failed to comply with two orders of this court or to communicate concerning the instant civil action.  Therefore, it is apparent from the plaintiff's failure to comply and to communicate with this court that he lacks interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the    28th     day of August, 2007.


                              /s/Tom S. Lee
                              UNITED STATES DISTRICT JUDGE